**GAITAS & CHALOS, P.C.**
George A. Gaitas, Esq. (705176)
Jonathan M. Chalos, Esq. (3008683)
1908 N. Memorial Way
Houston, Texas 77007
Telephone: (818) 697-1079
Facsimile: (855) 682-4983
E-Mail: gaitas@gkclaw.com
         chalos@gkclaw.com
*Appearances Pro Hac Vice*
*Counsel for:     Sikousis Legacy Inc.
                  Bahla Beauty Inc.
                  K Investments Inc.*

**WEINBERG LAW OFFICES, P.C.**
Yoni Weinberg, Esq. (306357)
11601 Wilshire Blvd., #500
Los Angeles, CA 90025
Telephone: (818) 697-1079
Facsimile: (855) 682-4983
E-mail: yoni@weinberglawoffices.com
*Local Counsel for:   Sikousis Legacy Inc.
                     Bahla Beauty Inc.
                     K Investments Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIKOUSIS LEGACY, INC.,<br><br>                        Plaintiff<br>   v.<br><br>B-GAS LIMITED A/K/A BEPALO SHIPPING LPG LTD.; B-GAS A/S; BERGSHAV SHIPPING LTD. ; B-GAS HOLDING, LTD; BERGSHAV AFRAMAX, LTD; BERGSHAV SHIPHOLDING AS; BERGSHAV INVEST AS; LPG INVEST AS; ATLE BERGSHAVEN<br><br><br>                        Defendants | **Case No. 3:22-cv-03273-CRB**<br><br>**MOTION TO EXCLUDE MOVANT'S IMPROPER JULY 14, 2022 REQUEST TO THE COURT**<br><br>**ADMIRALTY**<br><br>**Date: July 29, 2022**<br>**Time: 9:00 a.m.**<br>**Place: Via Zoom**<br>**Judge: Hon. Charles R. Breyer** |

COME NOW Plaintiff Sikousis Legacy, Inc. (hereinafter "Sikousis"), and Intervenor Plaintiffs Bahla Beauty, Inc. (hereinafter "Bahla") and K Investments, Inc. (hereinafter "K Investments") (hereinafter collectively, "Plaintiffs") by and through undersigned counsel, and file this Motion to Exclude Bergshav Aframax Ltd.'s Improper July 14, 2022 Request to the Court, and aver as follows:

**I.   INTRODUCTION**

Bergshav Aframax Ltd. (hereinafter "Movant") by e-mail letter corresponded with the Court on July 14, 2022 improperly requesting the Court to: amend the already set deadlines for pending motion practice (Dkt. Entry 34); hold a special status conference; and change the Fed. R. Civ. P. Rule E(4)(f) hearing scheduled for July 29, 2022 into an adversary hearing in which Plaintiffs will be compelled to produce a witness to be cross-examined by Movant's attorneys.

First, Movant with its July 14, 2022 request has altogether failed to follow the Federal Rules of Civil Procedure; the Civil Local Rules (hereinafter "Civil L.R.") of the United States District Court for the Northern District of California; the Northern District of California Local Admiralty Rules (hereinafter "Admir. L. R."); and Your Honor's Standing Orders. Movant's request that the Court rule on matters properly before it and outside of the already set motion practice deadlines should be excluded and Movant should be required to file a motion in accordance with Civil L.R. 6 and 7 so that Plaintiffs have a fair chance to respond, in accordance with all applicable rules.

Second, despite Plaintiffs' strict compliance with Admir. L.R. 2.1 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), Movant demands, without citing any authority whatsoever, that the Court rewrite the requirements of Supplemental Rule B so that Plaintiffs are required to prove their case at the Rule E(4)(f) hearing through live testimony of Plaintiffs' authorized corporate officer who verified the complaints. A demand that Plaintiffs be compelled to produce a witness subject to cross-

1

examination at a Rule E(4)(f) hearing would be unprecedented in Supplemental Rule B practice, especially since it is Plaintiffs burden to show why the attachment should not be vacated.

## II. ARGUMENT

### A. *Movant has Altogether Failed to Follow the Rules of this District and Court*

Movant demands by e-mail letter correspondence addressed to the Court to amend the current deadlines the Court has set for Movant's Motion to Vacate (Dkt. Entry 34) and the Rule E(4)(f) hearing, and decide, prior to the July 29, 2022 hearing, arguments that were raised in its Motion. Also, Movant requests a special status conference with the Court on these issues. On July 13, 2022, the parties conferred regarding the relief Movant now demands. *See* Exhibit A attached hereto. Plaintiffs objected to the manner of Movant's chosen communication with the Court and insisted that Movant follow the Civil L.R.s by making an appropriate motion to the Court. *Id.* Movant, instead, is playing fast and loose, not abiding with the procedures that all parties are required to follow.

Plaintiffs note that there is nothing in the Federal Rules of Civil Procedure, Your Honor's Standing Orders, or the Civil L.R.s that permit judicial requests in the form of an e-mail letter. Rather, the Civil L.R.s provide that if Movant wants to request the Court to enlarge or shorten the deadlines already set by the Court, Movant has to do so by motion. *See* Civil L.R. 6-1(b) and 6-3; *see also,* Civil L.R. 7-1(a)(2) (stating "Any written request to the Court for an order must be presented by one of the following means…A motion to enlarge or shorten time pursuant to Civil L.R. 6-1.") Your Honor's Standing Orders similarly provide that "no changes in the Court's schedule shall be made except by signed order of the Court and upon a showing of good cause. Parties seeking to continue hearings, <u>request special statue conferences, modify briefing schedules, or make other procedural changes</u> shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an ex parte application in writing." *See* General Standing Order for Civil

and Criminal Cases Before Judge Charles R. Breyer, I(B)(7)(emphasis added).

According to Movant, "failure to resolve this dispute in advance of the hearing will more than likely result in an unnecessary delay of Bergshav Aframax's right to a 'prompt' Rule E(4)(f) hearing" and Movant threatens that failure of the Court to deal with its demand in advance of the already scheduled Rule E(4)(f) hearing will necessitate Movant involving the General Duty Judge, even though no such rule permits it[1]. *See* Movant's July 14, 2022 e-mail correspondence to the Court attached hereto as Exhibit B. However, should the Court be inclined to keep the current schedules in place and not decide issues raised in Movant's Motion to Vacate prior to hearing arguments of counsel at the Rule E(4)(f) hearing, it will in no way result in an unnecessary delay to Movant's right to a prompt Rule E(4)(f) hearing. Movant is being afforded a Rule E(4)(f) hearing on July 29, 2022, and as provided below herein, it is Plaintiffs burden at the Rule E(4)(f) hearing to demonstrate to the Court why the attachment should be maintained. Plaintiffs are entitled to carry that burden based on the permissible evidentiary supports it chooses to put before the Court.

Accordingly, Movant should be required to make any argument regarding its demand that Plaintiffs be required to produce a live witness in its Reply in Support of its Motion to Vacate, which is due on July 19, 2022, or by other permissible means provided for under the Federal Rules of Civil Procedure, the Civil L.R.s and Your Honor's Standing Orders.

B. *Movant's Demand is Unprecedented and Not a Requirement of Rule B*

Here, Movant rejects two separate verifications properly verifying the respective Rule B complaints, and essentially demands that Plaintiffs be required to prove their entire case through the testimony of a live witnesses that verified the complaints at the Rule E(4)(f) hearing. Apart

---

[1] Movant attempts to argue that the Court is "unavailable" according to the Court's calendar. However, the Court's calendar provides that it is available July 14-15 and July 22 and July 29. Therefore, Movant is not entitled to seek relief from the General Duty Judge. *See* Civil L.R. 7-1(c) ("A motion may be presented to the General Duty Judge…when the assigned Judge is unavailable as defined in Civil L.R. 1-5(p)).

from Movant's demand being unmeritorious, it is unprecedented, not provided for under the Court's Admir. L. R., Rule B or Rule E, and not a requirement of any of these rules.

"The post-arrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond. Generally speaking, an exhaustive adversarial hearing is not necessary for resolution of those issues. Thus, in many instances we would expect that an informal proceeding, perhaps in the nature of a conference before the district court, supplemented by affidavits and legal memoranda as directed by the court might be sufficient." *Salazar v. Atlantic Sun*, 881 F.2d 73, 79-80 (3d Cir. 1989).

Movant also contends that it is Admir. L.R. 2.1 that gives the Court authority to order a corporate officer of the plaintiff to be produced for vigorous cross-examination on the alleged facts that they purport to verify, in spite of the authorized corporate officer's having made the verification under 28 USC § 1746, under the penalties of perjury. Movant considers itself entitled to subject the attaching Plaintiffs or its officer who verified the Complaints to cross-examination to test whether the attaching plaintiff has directly and personally ascertained firsthand the factual allegations on which the claim is based.

There is no language in Admir. L.R. 2.1 that subjects an attaching plaintiff to such a novel proceeding, and such a requirement would be unprecedented under Rule B.  The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture actions govern maritime attachment. "The district courts, however, retain the power to make local rules consistent with the Supplemental Rules. See Notes of Advisory Committee to Supplemental Rule A." *Polar Shipping, Ltd. v. Oriental Shipping Corp*., 680 F.2d 627, 640 (9th Cir. 1982). "Providing an immediate post-attachment hearing for a determination of whether an attachment is based on a frivolous or clearly meritless claim, or has been effected despite the presence of the defendant in the district, is

consistent with the language and purposes of `Supplemental Rule B`." *Id.* at 641.

In a like manner, Admir. L.R. 2.1, and its provisions giving the option to a claimant of the property attached to demand that the attorney-verified complaint should be verified by an officer provides Movant such a safeguard. However, Movant's demand for the Court to change the order, manner, and scope of proceedings under Supplemental Rule E(4)(f) offends against the uniformity principle that governs Admiralty Jurisdiction. "As a matter of substance, the Constitution 'prescribe[s] uniformity' in admiralty and maritime law. We treat admiralty and maritime law as 'a uniform body of substantive federal law, applicable not only in federal admiralty courts but also binding upon the state courts' and federal courts exercising their civil law powers." *Buccina v. Grimsby*, 889 F.3d 256, 259 (6th Cir. 2018)(citing *Am. Dredging Co. v. Miller,* 510 U.S. 443, 451, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994)); *see also, Blue Whale Corp. v. Grand China Shipping Development Co*., 722 F.3d 488, 500 (2d Cir. 2013).

To put it simply, Rule E(4)(f) does not have provisions that allow claimants of interest to attached property to demand production and examination of witnesses from the plaintiff's side at the hearing.

"At the post-arrest hearing, a lienholder is required to show why the arrest or attachment should not be vacated or other relief granted consistent with the federal admiralty rules. Fed. R. Civ. P. Supp. E(4)(f). Of significance here, however, the post arrest hearing 'is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond.'… Indeed, the Eleventh Circuit has cautioned against district courts conducting a 'minitrial' at this stage of the case." *International Ship Repair & Marine Services v. Barge B. 215*, 418 F. Supp. 3d 1051, 1055 (M.D. Fla. 2019) (citing *PDS Gaming Corp. v. M/V Ocean Jewell of St. Petersburg*, 2007 U.S. App. LEXIS 24407 at *5 (11th Cir. 2007) (Holding that the district court

imposed a much higher burden of proof on the arresting plaintiff than is authorized).

"Plaintiff does not need to prove its case at a Rule E(4)(f) hearing; however, the plaintiff does need to show 'probable cause' for the issuance of the writ by establishing that the plaintiff is "reasonably likely to prevail" on the merits of the contested issue." *Willis v. Princess Cruise Lines*, 2020 U.S. Dist. LEXIS 166945 at *36 (C.D. Cal. May 29, 2020); *see also, ProShipLine Inc. v. Aspen Infrastructures* Ltd., 533 F. Supp. 2d 422, 426 (S.D.N.Y. 2008); *Kite Shipping LLC v. San Juan Navigation Corp.*, 2012 U.S. Dist. LEXIS 96199 at *15 (S.D. Cal. July 11, 2012).

As it is Plaintiff's burden to show probable cause to sustain the attachment at the Rule E(4)(f) hearing, it is not Movant's place to demand what proofs Plaintiffs should be required to deploy. Movant's demand takes matters deep into the realm of a trial of the merits of the proceedings which at this stage are premature.

Plaintiffs respectfully highlight for the Court that its Response in Opposition to Movant's Motion to Vacate proposed that if Movant wishes to take up the matter of the examination of the verifier of the complaints in discovery, and they are willing to provide examination of their cast of characters in discovery, Plaintiffs will be happy to stipulate to a stay of the Rule E(4)(f) hearing pending completion of such discovery on the merits of this case. *See* Dkt. 39, p. 4; *see also, KPI Bridge Oil Sing. PTE Ltd. v. Berlian Laju Tanker TBK PT*, 2012 U.S. Dist. LEXIS 37751 (N.D. Cal. Mar. 20, 2012); *Resource Marine Pte, Ltd. v. Solym Carriers (London) Ltd.*, , 2012 U.S. Dist. LEXIS 179820 at **9-10 (E.D. Cal. Dec. 18, 2012). "As a practical matter, particularly in a case involving allegations of abuse of the corporate form in order to perpetrate a fraud or injustice, the plaintiff cannot be expected to have definitive personal knowledge of the inner workings of the defendants' businesses prior to discovery." *FIMBank PLC v. Discovery Investment Corp.*, No. 2:19-CV-00264, 2020 U.S. Dist. LEXIS 113474 * 12 (S.D. Tex. May 21, 2020).

Movant fatally misses that the complaints as filed are supported by voluminous

documentary exhibits from public records, maintained in a number of jurisdictions, evidencing transactions made by the defendants, that substantially support it.  As the court noted in in the Rule B attachment case of *FIMBank PLC* "[t]he declaration was not the sole evidence Plaintiff submitted in support of the alter ego allegations, even before the period of limited discovery. The allegations in the complaint are specific to the defendants in this case and not merely conclusory." *Id*. at *13.

Moreover, Plaintiffs' Response to the Motion to Vacate (Dkt. 39) is supported by substantial detailed, and well documented declarations, of Cypriot Attorney at Law Mr. George Zambartas (Dkt. 39-1) and Norwegian Advocate Mr. Kristian Lindhartsen (Dkt. 39-21) which make manifest the basis of Plaintiffs' information in putting together the complaints.  It is respectfully submitted that Plaintiffs have complied with and followed the Supplemental Rules and the Local Admiralty Rules, and have carried their burden in presenting a *prima facie* admiralty claim to the Court.

### III.    CONCLUSION

For the foregoing reasons, Movant's e-mail letter application to convert the nature of the scheduled E(4)(f) hearing into some other type of proceeding, with cross examination of Plaintiffs' Witnesses is an improper request, not authorized under the Supplemental Rules; not authorized under the Local Admiralty Rules, and is brought improperly by means of e-mail correspondence with the Court instead of by permissible orderly motion practice.

Respectfully Submitted,

Dated: July 14, 2022          **GAITAS & CHALOS, P.C.**

By:     /s/George A. Gaitas
       George A. Gaitas, Esq. (705176)
       Jonathan M. Chalos, Esq. (3008683)
       *Appearances Pro Hac Vice*
       Attorneys for Plaintiffs
       *Sikousis Legacy Inc., Bahla Beauty, Inc. and K Investments, Inc.*

*Local Counsel:*

**WEINBERG LAW OFFICES, P.C.**
Yoni Weinberg, Esq. (306357)

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF system and served via Electronic Mail to all counsel/individuals of record.

                                                  /s/ George A. Gaitas
                                                  George A. Gaitas