United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIKOUSIS LEGACY INC.,
Plaintiff,

v.

B-GAS LIMITED A/K/A BEPALO LPG SHIPPING LTD., et al.,
Defendants.

Case No. 22-cv-03273-CRB

**ORDER DENYING MOTION FOR RELIEF FROM ORDER PURSUANT TO FED. R. CIV. P. 60(B)(6) AND 60(B)(6)**

Plaintiff Sikousis Legacy, Inc. and Intervenor Plaintiffs Bahla Beauty, Inc. and K Investments, Inc. (collectively "Plaintiffs") have filed its second Motion for Relief (Dkt. 95, "Motion") from the Court's 2023 Order Granting Motion to Vacate (Dkt. 66, "Vacatur Order") pursuant to Rule 60(b)(5) and (6). It is not clear if this case more closely resembles an albatross or an anchor, but in any case, the Court is setting it out to sea. Plaintiffs' Motion is denied.

## I. BACKGROUND

Plaintiff Sikousis was awarded $7.5 million in arbitration involving breach-of-contract claims against B-Gas Ltd., a/k/a Bepalo. Compl. (Dkt. 1) at ¶¶ 18-21. Pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims, this Court authorized the attachment of the vessel M/T BERICA on June 6, 2022. On June 28, 2022, Defendant Bergshav Aframax, Ltd. ("Aframax"), then-owner of the BERICA, made a restricted appearance under Rule E of the Supplemental Rules for Certain Admiralty or Maritime Claims and moved to vacate the attachment. After allowing for limited discovery

on alter-ego, the Court granted the motion, finding that "Plaintiffs have failed to demonstrate that Aframax's corporate veil is subject to veil piercing in order to recover Bepalo's debt" and vacating the attachment of the BERICA. Dkt. 66. Plaintiffs appealed, and the Ninth Circuit affirmed the Vacatur Order. See Dkt. 75. Plaintiffs petitioned for an *en banc* rehearing, which was denied. See Dkt. 76. Plaintiffs then filed a Petition for a Writ of Certiorari to the Supreme Court, which was denied on November 25, 2024. See Dkt. 92.

Meanwhile, while their deadline for filing a Petition for Certiorari was open, Plaintiffs filed an Emergency Motion for Relief from the Vacatur Order with this Court under Rule (b)(5) on July 2, 2024. See Dkt. 78. Plaintiffs pointed to a Norwegian court's factual findings in April 2024 and argued that in light of that decision, it would be inequitable for this Court to apply its Vacatur Order prospectively. Dkt. 78. The Court denied the Emergency Motion, and stated that "the Court is not satisfied that Rule 60(b)(5) is the appropriate mechanism, because the Court is not satisfied that the orders have prospective application." Dkt. 86 (Order Denying Motion for Relief) at 3 (original emphasis). Plaintiffs appealed this decision. Dkt. 88. While this process was ongoing in the U.S., the Norway court reversed the judgment that underpinned Plaintiffs' motion, and the Ninth Circuit affirmed your order as "the premise of the Rule 60(b)(6) motion has been invalidated." Dkt. 93 at 3.

Four months after the Ninth Circuit's decision, Plaintiffs filed the current Motion, again seeking relief from the Vacatur Order from this Court. Plaintiffs point to "recently established information" that Aframax sold the BERICA in November 2022. Dkt. 95 at 1. They state that Aframax's demands to Plaintiff to relinquish the LOU prompted them to investigate public records, which led them to discover that Bergshav Shipholding AS provided the countersecurity for the LOU and that Aframax had sold the BERICA in 2022. Plaintiffs now argue that as Aframax had sold the BERICA before the Vacatur Order was entered, Aframax improperly obtained the Vacatur Order, and under Rule 60(b)(5) and (6) "it would no longer be equitable to continue applying the Court's Vacatur Order in further proceedings." Dkt. 95 at 1. They request that the Court vacate the Vacatur Order and

"reinstate the case on the docket for trial on its merits." Dkt. 95 at 18.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 60 provides for relief from a judgment or order under the following circumstances, as relevant here:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> ...
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A court's power to vacate judgments under Rule 60(b) in order 'to accomplish justice' is balanced against 'the strong public interest in the timeliness and finality of judgments.'" Martinez v. Shinn, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009)).

## III. DISCUSSION

### A. Timeliness

Plaintiffs seek relief under Rule 60(b)(5) and (6), both of which should be filed within a "reasonable time." Fed. R. Civ. P. Rule 60(c)(1) ("[a] motion under Rule 60(b) must be made within a reasonable time"). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam). Aframax argues that Plaintiffs' Motion was not brought in a reasonable time, as it is brought more than three years after the Vacatur Order was entered. They argue that granting the Motion would be prejudicial to Aframax. Dkt. 99 at 12. Plaintiffs do not address this argument in their Motion or Reply.

Plaintiffs' Motion is denied as untimely. The Court's Vacatur Order was entered more than three years ago on January 19, 2023. Dkt. 66. Plaintiffs have had its chance to appeal



United States District Court
Northern District of California

the decision to the Ninth Circuit and ask for a review from the Supreme Court. Aframax has an interest in finality of judgment so that it can release the substitute security of the LOU and its backing funds. Dkt. 99 at 12. Plaintiffs have also offered no reason for its delay or any inability to learn earlier of the sale of the BERICA. According to Plaintiffs' own cited materials, the sale of the BERICA has been public record since Bergshav Aframax Ltd.'s 2022 financial statements were filed with the Registrar of Companies and Intellectual Property of Cyprus. See Dkt. 95 at 5. And as discussed in the Court's last Order on Motion to Vacate, Plaintiffs "squandered" the Court's grant of discovery by failing to take any depositions of corporate witnesses. Dkt. 86. Courts are not required to "keep their doors perpetually open." Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. For Vista-Pro Auto., LLC, 607 U.S. 155, 159 (2026).

**B. Rule 60(b)(5)**

Even if Plaintiffs' Motion is somehow deemed timely, Plaintiffs' Motion would still fail. Plaintiffs again bring their motion under Rule 60(b)(5) of the Federal Rules of Civil Procedure. See Mot. at 1. While the factual basis for the current Motion is different from the basis for Plaintiffs' previous Rule 60(b) motion, the legal argument is the same: that "there has been factual and legal developments preceding and following the Vacatur Order that would make it inequitable to continue applying the Vacatur Order prospectively." Id. But as the Court previously stated, Rule 60(b)(5) is not the appropriate mechanism here, as the Vacatur Order does not have prospective application.[1] Dkt. 86 at 3. "The standard used in determining whether a judgment has prospective application is 'whether it is 'executory' or involves 'the supervision of changing conduct or conditions.'" Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). The Vacatur Order was not executory, because it did not "'compel [a party] to perform or restrain[ ] [it] from performing a future act' within the meaning of Rule 60(b)(5)." See FTC v. Hewitt, 68 F.4th 461, 467 (9th Cir. 2023). Nor did it involve the

[1] The Ninth Circuit did not reach this issue, only finding any discussion moot as "because of a change in circumstances in the case, we need not review the correctness of that decision." Dkt. 93 at 3.

United States District Court
Northern District of California

Court's "supervision of changing conduct or conditions." See Maraziti, 52 F.3d at 254. Because the Vacatur Order did not have prospective effect, Plaintiffs again fail to satisfy Rule 60(b)(5).

**C. Rule 60(b)(6)**

Plaintiffs also bring their Motion under Rule 60(b)(6). As the Court discussed in its last Order, "[t]he standard for a Rule 60(b)(6) motion is high, and such 'relief should be granted sparingly to avoid manifest injustice.'" Riley v. Filson, 933 F.3d 1068, 1071 (9th Cir. 2019) (quoting Navajo Nation v. Dep't of the Interior, 876 F.3d 1144, 1173 (9th Cir. 2017)). "Relief under Rule 60(b)(6) – which is ordinarily addressed to the 'wide discretion' of the district court – is 'available only in extraordinary circumstances.'" FTC v. Hewitt, 68 F.4th 461, 468 (9th Cir. 2023) (quoting Buck v. Davis, 580 U.S. 100, 123 (2017)).

Plaintiffs have failed to show such "extraordinary circumstances" here. While Plaintiffs allege that Aframax "intentionally failed to truthfully respond" to discovery and "failed to be candid,"[2] Dkt. 95 at 14, Aframax points out that Aframax was the owner of the BERICA throughout the discovery period, which closed on October 31, 2022. Dkt. 99 at 10, n. 5. Even if there was any misrepresentation (which it appears there were not), it is unclear whether discovery misconduct, whether willful or negligent, arises to the level of "extraordinary circumstances."[3] But the Court need not look into that issue, because more fundamentally, whether the BERICA was sold or not does not matter here, as the LOU became the substitute security once it was posted. See United States v. Ames, 99 U.S. 35 (1878).

[2] Plaintiffs' brief raise this argument but do not explicitly link it to Rule 60(b)(6), which it brings its motion under; however, as the brief does not otherwise make any arguments in support of Rule 60(b)(6), the Court addresses it here.

[3] Rather than Rule 60(b)(6), such allegations would fall under Rule (b)(3) (fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party") or Rule (b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). However, Plaintiffs do not bring their motion under Rule 60(b)(2) or (3), presumably because they must both be made "no more than a year after the entry of the … order." Rule 60(c)(1).

United States District Court
Northern District of California

**D. Aframax's Request to Enjoin Plaintiffs from Further Motion Practice**

In its Opposition, Aframax asks the Court to "enjoin[] Plaintiffs from further motion practice in this matter without leave of court, or … hold[] Plaintiffs financially responsible for Aframax's legal fees and costs incurred because of Plaintiffs' abuse of the litigation process." Dkt. 99 at 20. Aframax points to "failed vessel arrest actions in Texas and California," a "suit in Norway on separate and related issues against Atle Bershaven and LPG Invest AS," and the multiple appeals Plaintiffs have taken in this litigation. While Plaintiffs do seem to be dragging everyone down, Plaintiffs are entitled to bring different litigation (based on distinct facts) to different courts, and to appeal any orders it deems unjust. Plaintiff's conduct is nowhere near the "flagrant abuse of the judicial process" that merits a designation as vexatious litigant. See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). Aframax's request is denied.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Vacate is denied, and Aframax's request to enjoin Plaintiffs from further motion practice or pay for Aframax's legal fees and costs is denied.

**IT IS SO ORDERED.**

Dated: August 27, 2026

CHARLES R. BREYER
United States District Judge